**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | |
|---|---|
| **PHI HEALTH, LLC,**<br><br>***Plaintiff*,**<br><br>**v.**<br><br>**MAGNUM SERVICES, LP; UNITED HEALTHCARE INSURANCE COMPANY; ABC CORP.; and XYZ CORP.**<br><br>***Defendants*.** | **CIVIL ACTION NO.: 6:24-cv-42** |

**COMPLAINT TO CONFIRM ARBITRAL AWARD**

PHI Health, LLC brings this complaint to confirm an arbitration award entered in PHI's favor ("IDR Award 216966" or "IDR Award") and to enter judgment for PHI in the amount of $18,062.27, plus attorney's fees and prejudgment and postjudgment interest.

**INTRODUCTION**

1. This action is necessary because Defendants have refused to pay to PHI the money that they were ordered to pay in arbitration awards rendered pursuant to the federal No Surprises Act.

2. PHI is an air ambulance company that provides emergency medical transports to patients across the country. PHI transported a patient covered by Defendants. After Defendants refused to pay PHI's billed charges for this service, PHI initiated an arbitration pursuant to the federal No Suprises Act. That Act gives PHI the power to compel group health insurance plans and insurers to participate in binding arbitration over the amount of reimbursement owed. The arbitration is called "Independent Dispute Resolution," or IDR; the arbitrator is called an "IDR entity."

3. The No Surprises Act makes the IDR entity's determination "binding upon the parties involved," and requires the group health plan or insurer to pay what it owes within thirty calendar days after the IDR entity's determination is made.

4. This confirmation action is made necessary because Defendants have failed—for many months—to pay PHI what the IDR entity's determination, and the No Surprises Act, require Defendants to pay for PHI's services.

5. PHI therefore brings this complaint, pursuant to the Federal Arbitration Act ("FAA"), the Texas Arbitration Act ("TAA"), and a suit on sworn account, to enter an order confirming the IDR award and judgment against Defendants for the amount of money they owe, in addition to attorneys' fees, post-award interest, and post-judgment interest. PHI also brings this complaint, pursuant to the Texas Prompt Payment of Claims Act against Defendant UnitedHealthcare Insurance Company ("UHIC") for the amount of money it owes, in addition to an 18% pre- and post-judgment interest rate and attorneys' fees.

**PARTIES**

6. PHI is a limited liability company organized under the laws of the State of Louisiana and headquartered in Phoenix, Arizona. PHI does not have a network contract with Defendant UHIC; PHI is thus a "nonparticipating provider" for purposes of the No Surprises Act.

7. Defendant Magnum Services, L.P. ("Magnum") is a domestic business formed under the laws of the State of Texas with a principal 1565 US Highway 59 South, Edna, Texas 77957. Magnum is the group benefit plan sponsor ("Plan Sponsor") that purchased a group health insurance policy and/or fully insured group health insurance plan that was underwritten by UHIC. Magnum may be served with process through its registered agent Cord Beard located at 1565 US Highway 59 South, Edna, Texas 77957.

8. Defendant UHIC is an insurance company that provided underwriting for the group benefit plan in which the patient transported by PHI was a member. UHIC is authorized to act as a health insurer in the State of Texas. It may be validly served with process at 1999 Bryan Street, Suite 900, Dallas, Texas through its registered agent CT Corporation System, or via the Texas Secretary of State.

9. If Magnum is not in fact the Plan Sponsor of the group health insurance policy or group health plan that covers the patient transported by PHI, then the identity of the Plan Sponsor is unknown to PHI and this action is instead brought against ABC CORP. PHI does not know the identity of ABC CORP. Defendant Magnum or Defendant UHIC is aware of the identity of ABC CORP. Attached as Exhibit 1 and served with this Complaint is PHI's First Set of Interrogatories to Magnum to confirm the identification of the Plan Sponsor and underwriter.

10. If UHIC is not in fact the insurance company that issued the health insurance policy to the patient transported by PHI, then the identity of the insurance company is unknown to PHI and this action is instead brought against XYZ CORP. PHI does not know the identity of XYZ CORP. Defendant UHIC is aware of the identity of XYZ CORP. Attached as Exhibit 2 and served with this Complaint is PHI's First Set of Interrogatories to UHIC to confirm the identity of the issuer, underwriter, and administrator of the health insurance policy at issue.

## JURISDICTION AND VENUE

11. The Court federal question subject-matter jurisdiction over this case, pursuant to 28 U.S.C. § 1331, because this is an action to confirm a federal arbitral award entered pursuant to the federal No Surprises Act, which federal law makes the IDR award "binding" on Defendants and also requires Defendants to pay what is owed within thirty days of the IDR entity's decision. 42 U.S.C. §300gg-112(b)(6).

12. Venue is proper in this District because Defendant Magnum maintains its principal office here, and a substantial portion of the acts and omissions giving rise to the claims at issue occurred here.

13. This Court has personal jurisdiction over Defendants because Defendants do significant business in this State and have a significant presence here, and PHI's claims arise out of Defendants' contacts with Texas.

## BACKGROUND ON THE NO SURPRISES ACT

14. The No Surprises Act creates a federal obligation for group health plans and health insurers to pay out-of-network providers of air ambulance services (which the Act calls "nonparticipating providers") for emergency services rendered to the plans' or insurers' covered members or insureds. Specifically, the group health plan or insurer must pay the out-of-network air-ambulance provider the dollar amount by which the "out of network rate (as defined in section 300gg-111(a)(3)(K) of this title) . . . exceeds the [patient's] cost sharing amount." 42 U.S.C.§ 300gg-112(a)(3)(B).[1]

15. The NSA contains a detailed mechanism for determining what the appropriate "out of network" rate is in each case. If the out-of-network air ambulance provider and the health plan or insurer are not able to agree on the appropriate out-of-network rate, then the rate is set by a "determination" of a "certified IDR entity" rendered in an "independent dispute resolution [IDR] process." 42 U.S.C. § 300gg-111(a)(3)(K).

[1] The No Surprises Act is codified in triplicate in three different parts of the U.S. Code: 42 U.S.C. § 300gg-111 *et seq.*; (the Public Health Service ("PHS") Act); 29 U.S.C. §§ 1185e *et seq.* (ERISA); and 26 U.S.C. §§ 9816 *et seq.* (the Internal Revenue Code "IRC"). For ease of reference, this complaint cites the PHS Act provisions. The other provisions do not differ from the PHS Act provisions in any way that is significant for purposes of this petition.

16. The IDR process is baseball-style arbitration. Each side (the air ambulance provider and the group health plan or insurer) submits its own "offer" to the IDR entity stating what it believes the appropriate out-of-network rate to be; each party also submits reasons and evidence supporting its offer. *Id.* § 300gg-112(b)(5)(B). The IDR entity considers a number of factors, *see id.* § 300gg-112(b)(5)(C) & (D), and based on those factors "select[s] one of the offers submitted . . . to be the amount of payment," that is, to be the appropriate out-of-network rate for that transport. *Id.* § 300gg-112(b)(5)(A).

17. The IDR entity's "determination" is made "binding" by the NSA, which states:

**(E) Effects of determination**

**(i) In general**

A determination of a certified IDR entity under subparagraph (A)--

(I) shall be binding upon the parties involved, in the absence of a fraudulent claim or evidence of misrepresentation of facts presented to the IDR entity involved regarding such claim; and

(II) shall not be subject to judicial review, except in a case described in any of paragraphs (1) through (4) of section 10(a) of Title 9.

42 U.S.C § 300gg-111(c)(5)(E). The statute just quoted "shall apply" to air ambulance IDR determinations. *Id.* § 300gg-112(b)(D).

18. The group health plan or insurer must make the "payment required pursuant to subsection (a)(3) [42 U.S.C.§ 300gg-112(a)(3)] . . . directly to the nonparticipating provider not

later than 30 days after the date on which such determination is made" by the IDR entity. *Id.* § 300gg-112(b)(6).

## THE FACTS OF THIS DISPUTE

19. In 2022, PHI supplied emergency air ambulance transport services to a patient who was insured by Defendant UHIC under Policy Group No. GA5Q2308. The patient's subscriber identifying number under the policy was A986047172 according to the "Provider Remittance Advice" form provided to PHI by UHIC.

20. PHI sent UHIC a bill for the transportation services provided to this patient, including for service code A0436 in the amount of $33,033.00. As defined above, UHIC is the insurer of Defendant Magnum's Plan and is an authorized agent of Magnum (or ABC Corp.) as Plan Sponsor.

21. UHIC sent PHI a "Provider Remittance Advice" form relating to the transport at issue in this case. The form stated that the "Claim No" was DP07488371050059425 9 and that UHIC was making an initial payment to PHI for service code A0436 in the amount of $7,634.17.

22. On February 6, 2023, PHI initiated IDR proceedings by submitting a Notice of Initiation through the federal IDR Portal for the transport at issue in this case. PHI gave valid notice of the initiation of IDR proceedings.

23. The IDR dispute for service code A0436 was assigned IDR reference number 216966. The IDR entity assigned to the dispute was Federal Hearings and Appeals Services, Inc. (the "IDR Entity").

24. On November 7, 2023, the IDR Entity transmitted to PHI its Written Payment Determination Notice (the "IDR Award"). The IDR Award determined that the appropriate out-of-network rate for this transport is $25,696.44. The IDR Award is attached hereto as Exhibit 3.

25. The No Surprises Act obligates Defendants to pay PHI a total amount of $18,062.27 (the "IDR Award Balance Owed"), which represents (i) the "out-of-network rates" determined by the IDR Entity and set forth in the IDR Award; minus (ii) the amount previously paid by Defendant; minus (iii) Patient's "Cost Sharing," which is $0.00 according to the Provider Remittance Advice that Defendant UHIC sent to PHI:

| **Service Code** | **IDR No** | **IDR Award** | **Initial Payment** | **Patient's "Cost Sharing"** | **IDR Award Balance Owed** |
|---|---|---|---|---|---|
| A0436 | 216966 | $25,696.44 | $7,634.17 | -- | $18,062.27 |

26. To date, Defendants have not paid PHI the full amount it is owed, which is $18,062.27.

## CAUSES OF ACTION

### Count I
### Application to Confirm the IDR Award
### Under the Federal Arbitration Act, 9 U.S.C § 9

27. PHI incorporates by reference the allegations of the preceding paragraphs.

28. The IDR Awards should be confirmed by judgment of this Court pursuant to the FAA, 9 U.S.C. § 9.

29. The IDR Awards are valid and have not been vacated or set aside by any authority.

30. No grounds exist for vacating, modifying, or correcting the IDR Awards.

31. Confirmation of the IDR Awards necessitates a money judgment in PHI's favor in the total amount that Defendants are obligated to pay to PHI.

**Count II**
**Application to Confirm the IDR Award**
**Under the Texas Arbitration Act**

32. PHI incorporates by reference the allegations of the preceding paragraphs.

33. The IDR Awards should be confirmed by judgment of this Court pursuant to the Texas Arbitration Act. *See* TEX. CIV. PRAC & REM. CODE §171.002, *et seq*.

34. The IDR Awards are valid and have not been vacated or set aside by any authority.

35. No grounds exist for vacating, modifying, or correcting the IDR Awards.

36. Confirmation of the IDR Awards necessitates a money judgment in PHI's favor in the total amount that Defendants are obligated to pay to PHI.

**Count III**
**Implied Right of Action under the NSA**

37. PHI incorporates by reference the allegations of the preceding paragraphs.

38. The No Surprises Act ("NSA") includes an implied right of action against Defendants for the amount owed to PHI.

39. Specifically, the NSA requires Defendants to make the "payment required pursuant to subsection (a)(3) [42 U.S.C.§ 300gg-112(a)(3)] . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. *Id.* § 300gg-112(b)(6). The NSA thus requires Defendants to pay $18,062.27 to PHI for the transport at issue in this case.

**Count IV**
**Suit on Sworn Account**

40. PHI incorporates by reference the allegations of the preceding paragraphs.

41. PHI provided services to and on behalf of Defendants for the benefit of its insured and pursuant to the No Surprises Act on an open account. Defendants accepted the services and

became bound to pay PHI's designated charges, which according to the IDR Award are reasonable and customary for such services.

42. PHI attaches as Exhibit 4 a record of the account and as Exhibit 5 the required affidavit, and PHI incorporates both by reference. The account accurately sets forth the services PHI provided, including the dates of performance, and the cost of the services PHI provided. The account represents a record of the transaction that is similar to records PHI systematically keeps in the ordinary course of business.

43. After PHI performed the services, Defendant UHIC made partial payment to PHI totaling $7,634.17. The dates and amounts of Defendant UHIC's payments are fully accounted for and credited to the account, as reflected in Exhibit 4.

44. This claim is just and true, it is due, and all just and lawful offsets, payments, and credits have been allowed. PHI attaches an affidavit verifying these facts as Exhibit 5 and incorporates it by reference.

45. The principal balance due and owing on the account is $18,062.27.

46. PHI is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code section 38.001(7) because this is a suit on a sworn account. PHI retained counsel, who presented PHI's claim to Defendants. Defendants did not tender the amount owed within 30 days after the claim was presented.

**Count V**
**Texas Prompt Payment of Claims Act Against UHIC**

47. PHI incorporates by reference the allegations of the preceding paragraphs.

48. PHI billed Defendant UHIC for health care services furnished to Patient, thereby making a valid claim on the relevant health insurance policy.

49. Acknowledging liability as to these claims for health care services provided by PHI, Defendant UHIC partially paid out this claim in the amount of $7,634.17.

50. Defendant UHIC failed to pay in full the amounts billed by PHI and due under the relevant insurance plan or policy and the IDR Award.

51. Defendant UHIC has not provided PHI written notification stating that it is not obligated to pay in full the amounts billed by PHI for services provided to the Patient and subject to the IDR Award and identifying the specific reasons why it is not liable for such amounts.

52. Because it has failed to adhere to the standards set forth in the Texas Prompt Payment of Claims Act, Tex. Ins. Code § 542.051 et seq., Defendant UHIC is obligated to pay PHI (i) the full amount of the claims submitted by PHI for services furnished to the Patient that have been due and owing for more than 45 days, (ii) interest in the amount of 18% per annum from the date Defendant UHIC was required to pay such amounts, and (iii) reasonable and necessary attorneys' fees pursuant to Texas Insurance Code § 542.060(a).

## PRAYER FOR RELIEF

53. PHI requests that the Court enter final judgment in its favor and against Defendants as follows:

a. Confirming the IDR Award pursuant to the Federal Arbitration Act;

b. Confirming the IDR Award pursuant to the Texas Arbitration Act;

c. Ordering Defendants to pay PHI the amount of $18,062.27, representing the IDR Award Balance Owed;

d. Ordering Defendants to pay PHI pre-judgment interest as of the date of the Award;

e. Ordering Defendants to pay PHI post-judgment interest;

f. Ordering Defendants to pay PHI's attorney fees incurred in this action, the amount of which PHI will prove by separate motion; and

g. Awarding PHI all other relief to which it may be entitled.

Dated: November 8, 2024

Respectfully submitted,

By: /s/ *Scarlett Collings*

Scarlett Collings
Texas Bar No. 24001906
SDTX Bar No. 22750
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 653-7891
Facsimile: (713) 654-6666
Email: scollings@susmangodfrey.com

*Counsel for Plaintiff, PHI Health, LLC*